IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GAIL F. AND KAITLYN F.,<br><br>                    Plaintiffs,<br>v.<br><br>QUALCARE, INC., and MERIDIAN HEALTH TEAM MEMBER BENEFIT PLAN,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**<br><br>Case No. 1:15-cv-00130-DN<br><br>District Judge David Nuffer |

Defendants Qualcare, Inc. ("QualCare") and Meridian Health Team Member Benefit Plan ("Plan") (collectively "Defendants") move to dismiss the complaint filed against them or, alternatively, to transfer the case to a different venue ("Motion").[1] Plaintiffs Gail F. and Kaitlyn F. ("Plaintiffs") oppose the Motion ("Opposition").[2] Defendants filed a reply in support of dismissal or transfer ("Reply").[3] For the reasons set forth below, the Motion is DENIED.

## FACTS[4]

This lawsuit was brought by Gail F. and Kaitlyn F. to request payment for medical care and treatment Kaitlyn F. received in the State of Utah at Island View Residential Treatment Center ("IVRTC"), a residential treatment facility providing mental health care to adolescents

---

[1] Motion to Dismiss or, Alternatively, to Transfer Venue ("Motion"), docket no. 29, filed June 15, 2016.

[2] Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue ("Opposition"), docket no. 36, filed July 22, 2016.

[3] Reply Memorandum of Law in Further Support of Motion to Dismiss or, Alternatively, to Transfer Venue ("Reply"), docket no. 40, filed Aug. 11, 2016.

[4] The allegations provided in this section derive from the Complaint and the parties' briefing. For purposes of this memorandum decision and order, the plaintiff's allegations are assumed to be true.

age 13 to 18.[5] Kaitlyn is Gail's daughter,[6] and was a beneficiary of Gail's self-funded group health benefit plan sponsored by Gail's former employer, Meridian Health.[7] At the time the medical treatment in question was provided, Plaintiffs resided in Monmouth County, New Jersey.[8] QualCare is the claims administrator for the Plan and does business in New Jersey.[9] Meridian Health, Gail's former employer, is a corporation with its headquarters in New Jersey.[10]

On November 15, 2012, Kaitlyn was admitted to IVRTC for treatment of substance abuse and mental health conditions.[11] After she completed her treatment plan at IVRTC on July 5, 2013, Kaitlyn was discharged.[12] The Discharge Plan recommended continued individual therapy, family therapy, and medication management services for Kaitlyn.[13]

Plaintiffs submitted claims to Cigna[14] and QualCare for Kaitlyn's treatment.[15] Claims for treatment through March 4, 2013 were approved by Cigna.[16] However, claims for treatment after March 4, 2013 were denied.[17] The denial letter from QualCare dated August 14, 2013 stated that "Long Term Residential Treatment is not a covered benefit"[18] and "the intensity of services . . .

---

[5] Complaint ¶¶ 6, 7.
[6] *Id.* ¶ 1.
[7] *Id.* ¶ 3, 4.
[8] *Id.* ¶ 1.
[9] *Id.* ¶ 2.
[10] *Id.* ¶ 3.
[11] *Id.* ¶ 27.
[12] *Id.* ¶¶ 32, 69.
[13] *Id.* ¶ 32.
[14] Cigna owns and operates QaulCare. *Id.* ¶ 2.
[15] *Id.* ¶ 33.
[16] *Id.*
[17] *Id.*
[18] *Id.* ¶ 34.

did not warrant an acute level of care or partial hospitalization program."[19] QualCare cited to pages 29 and 53 of the Summary Plan Description ("SPD").[20]

## Appeal

On September 6, 2013, Gail appealed the denial of coverage.[21] On September 26, 2013, QualCare sent a letter to Gail stating that it had "thoroughly review this matter," and "concluded that our original decision to deny the claims will be upheld, as residential treatment is not specified as being covered."[22]

## Level 2 Appeal

Gail made a second level appeal on December 9, 2013.[23] On January 31, 2014, QualCare sent a letter to Gail upholding its decision to deny benefits.[24] The letter stated that a review had been conducted, and it had determined that denial was appropriate, citing Plan Exclusions #7 and #53.[25]

## Level 3 Appeal

On April 9, 2014, Gail made a stage 3 appeal.[26] QualCare denied Gail's level 3 appeal as well, stating that "the claims for services provided by IVRTC were correctly processed according to your plan exclusions" and that the "Plan excludes Residential Care as stated as Custodial Care as services or supplies provided mainly as a rest cure, maintenance or Custodial Care."[27]

---

[19] *Id.* ¶ 36.

[20] *Id.* ¶¶ 34-36.

[21] *Id.* ¶ 37.

[22] *Id.* ¶ 43.

[23] *Id.* ¶ 44.

[24] *Id.* ¶ 48.

[25] *Id.*

[26] *Id.* ¶ 51.

[27] *Id.* ¶ 59.

## DISCUSSION

The single cause of action listed in Plaintiffs' Complaint is a "Claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B)."[28] Defendants seek to dismiss this cause of action or, alternatively, seek to transfer the case because, among other reasons, "there is no basis for venue" and "this case has no meaningful connection to Utah."[29]

### Dismissal is Not Warranted under 29 U.S.C. § 1132(e)(2)

Section 1132(e)(2) provides that an ERISA action in federal court "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ."[30] Thus, venue is proper if the case is brought where (1) the plan is administered; (2) the breach took place; or (3) the defendant resides or may be found.[31] These factors will be analyzed below.

First, the plan is administered by QualCare, which does business in New Jersey.[32] Plaintiffs "concede the Plan is not administered in Utah."[33] Therefore, the Plan is not administered in Utah and venue is not proper in the District of Utah based on the first prong.

Second, "[t]he breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits."[34] "The place is the location where the payment is to be made,

---

[28] *Id.* ¶¶ 65-70.

[29] Motion at 2.

[30] 29 U.S.C. § 1132(e)(2).

[31] *Brightway Adolescent Hosp. v. Hawaii Mgmt. Alliance Assoc.*, 139 F.Supp.2d 1220, 1225 (D.Utah 2001) (combining "resides or may be found" element).

[32] Complaint ¶ 2.

[33] Opposition at 7.

[34] *Island View Residential Treatment Center v. Kaiser Permanente*, Case No. 1:09-cv-00003-CW, 2009 WL 2614682, *2 (D.Utah Aug. 21, 2009) (unpublished) (citing cases).

even though the services may have been provided at an out-of-state location."[35] "At the time the medical treatment in question was provided, Plaintiffs resided in Monmouth County, New Jersey.[36] Therefore, payment was to be made to Plaintiffs in New Jersey. Plaintiffs argue that payment was due to IVRTC in Utah and therefore the breach occurred in Utah,[37] but that position is not supported by case law. The breach did not take place in Utah and venue is not proper in the District of Utah based on the second prong.

Third, the Tenth Circuit has noted that "under § 1132(e)(2), a corporation resides wherever personal jurisdiction is proper."[38] Personal jurisdiction is proper when it comports with due process.[39] Due process "requires something more" than "national contacts."[40] It requires that maintenance of a lawsuit over a defendant does not "offend traditional notions of fair play and substantial justice."[41] It "requires the plaintiff's choice of forum to be fair and reasonable to the defendant."[42] But "[t]he burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that [the defendant] unfairly is at a severe disadvantage in comparison to his opponent.'"[43] "[I]t is only in highly unusual cases that inconvenience will rise to a level of constitutional concern."[44]

---

[35] *Id.*

[36] Complaint ¶ 1.

[37] Opposition at 7-8.

[38] *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1210 n. 3 (10th Cir. 2000).

[39] *Id.* at 1211.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 1212.

[43] *Id.*

[44] *Id.*

"[I]n evaluating whether the defendant has met his burden 'of establishing constitutionally significant inconvenience,'"[45] the following factors are considered:

> (1) the extent of the defendant's contacts with the place where the action was filed;
>
> (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including
>
>> (a) the nature and extent and interstate character of the defendant's business,
>>
>> (b) the defendant's access to counsel, and
>>
>> (c) the distance from the defendant to the place where the action was brought;
>
> (3) judicial economy;
>
> (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and
>
> (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.[46]

Applying the above factors to the facts of this case, Defendants have not met their burden to show a "constitutionally significant inconvenience." First, Defendants had at least some contact with Utah. According to the facts alleged in the Complaint, treatment at IVRTC in Utah was "approved through March 4, 2013" but "claims after March 4, 2013 were denied."[47] Defendants attempt to dispute this fact by arguing that "[n]either the Plan nor QualCare made any payments for plaintiff Kaitlyn F.'s treatment at IVRTC, either to Plaintiffs in New Jersey or to IVRTC in Utah."[48] But the only support for this argument is a paragraph from a declaration

---

[45] *Id.*

[46] *Id.*

[47] Complaint ¶ 33.

[48] Reply at 4.

that states "I am familiar with the claim for benefits brought by Gail F., individually and as guardian of Kaitlyn F., a minor, in connection with Kaitlyn F.'s care for various health issues at a Utah residential treatment facility."[49] This declaration statement does not refute the allegation that claims for treatment at IVRTC in Utah were approved through March 4, 2013. In fact, it supports Plaintiffs' argument that Defendants knew about Kaitlyn's treatment in Utah. Thus, it is assumed true that Defendants authorized and paid for at least a portion of Kaitlyn F.'s care in Utah. "Because [D]efendants rendered benefits in Utah, they knew or should have known that a dispute over benefits could arise in Utah."[50]

Defendants also argue that "QualCare's only 'contacts' with Utah are based purely on *Plaintiffs' decision* to seek medical treatment for Kaitlyn here. It is beyond dispute that Plaintiffs' unilateral activities cannot create a 'contact' by Defendants with this forum."[51] But this argument ignores the allegation in the Complaint, taken as true, that treatment was *approved* through March 4, 2013. Defendants argue that no payments were made,[52] but the citation to a declaration *does not support Defendants' contentions*. The declaration merely states that the employee is "familiar with the claim[;]" it does not state affirmatively that "no payments" were made for Kaitlyn's treatment in Utah. Accordingly, the allegation in the Complaint is not directly contradicted and is assumed to be true.

Furthermore, the Tenth Circuit has clearly instructed that "in a federal case where jurisdiction is invoked based on nationwide service of process[,]" such as cases based on § 1132(e)(2), "a different standard" than the traditional "minimum contacts" analysis applies to

---

[49] Decl. of Allison Hofmann ¶ 6, docket no. 29-1, filed June 15, 2016 (cited throughout Motion and Reply).

[50] *Peay*, 205 F.3d at 1213.

[51] Reply at 4 (emphasis in original) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)).

[52] Reply at 5 ("As discussed above, Plaintiffs' contention that payments were made by QualCare and/or Cigna for Kaitlyn's treatment at IVRTC is inaccurate, as none were.").

determine personal jurisdiction under the Due Process Clause.[53] "[T]he Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant."[54] "[I]n other words," the defendant must show that "the forum district burdens the defendant with 'constitutionally significant inconvenience.'"[55] This is shown using the factors listed above.

Defendants are correct that Qualcare "is a corporation doing business in the State of New Jersey[,]"[56] "Meridian Health . . . is a corporation with its headquarters in New Jersey[,]"[57] and the "Plan is a self-funded group health benefit plan sponsored by Meridian for its employees and their dependents."[58] But while the place of incorporation and principal place of business are "paradigm . . . bases for general jurisdiction[,]"[59] they are not the only considerations when determining whether due process is satisfied.

"[E]ven though [D]efendants may be inconvenienced by defending this action in Utah, they cannot show that this burden rises to the level of constitutional concern."[60] "They surely have the resources to access counsel in Utah" as has already been demonstrated. "And, while Utah may be some distance from [New Jersey], modern methods of communication and transportation greatly reduce the significance of this physical burden."[61] Transfer of documents, an alleged basis of inconvenience, may be done electronically. Judicial economy weighs in favor of keeping the case in the District of Utah, where it has already been filed and where Plaintiffs'

---

[53] *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015).

[54] *Id.* (quoting *Peay*, 205 F.3d at 1212).

[55] *Klein*, 786 F.3d at 1318 (quoting *Peay*, 205 F.3d at 1212).

[56] Complaint ¶ 2.

[57] *Id.* ¶ 3.

[58] *Id.* ¶ 4.

[59] *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014).

[60] *Peay*, 205 F.3d at 1213.

[61] *Id.*

counsel and QualCare's counsel are located. Further, witnesses who provided care to Kaitlyn at IVRTC will most likely be in Utah.[62] This is an important factor since Defendants denied coverage based on the type of care Kaitlyn received and witnesses in Utah will likely be needed to provide testimony about the care provided to Kaitlyn at IVRTC. "The burden of travel . . . is on counsel and appears unavoidable regardless of where personal jurisdiction lies."[63]

Based on the factors above, the arguments made in the briefing, the facts alleged in the Complaint, and the reasonable inferences drawn in the light most favorable to Plaintiffs, Defendants have not shown "constitutionally significant inconvenience" from having to litigate this case in the District of Utah. Accordingly, Defendants "reside or may be found" here under § 1132(e)(2) because personal jurisdiction may be exercised over the Defendants without violating principles of due process.

## Transfer is Not Warranted under 28 U.S.C. § 1404(a)

Alternatively, Defendants argue that this case should be transferred to the District of New Jersey "for the convenience of the parties and witnesses, and in the interest of justice . . . ."[64] When considering a motion to transfer venue under § 1404(a), the following factors apply:

> plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determines questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.[65]

---

[62] Opposition at 14.

[63] *Brightway*, 139 F.Supp.2d at 1224.

[64] Motion at 9 (citing 28 U.S.C. § 1404(a)).

[65] *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[66] "[U]nless the balance is *strongly* in favor of the movant plaintiff's choice of forum should rarely be disturbed."[67] "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue."[68]

Here, the balance is not "strongly in favor" of Defendants. As explained above, there is some inconvenience to Defendants in litigating in Utah. But any inconvenience is not "strongly in favor" of Defendants. Plaintiffs' choice of forum is Utah; witnesses and other sources of proof are located in Utah; Kaitlyn received treatment in Utah at IVRTC; and transferring this case from Utah to New Jersey would move venue substantially farther away from the Plaintiffs' current place of residence in Los Angeles County, California.[69] Therefore, the plaintiff's choice of forum will not be disturbed.

## CONCLUSION

Because "under § 1132(e)(2), a corporation resides wherever personal jurisdiction is proper"[70] and personal jurisdiction is proper when it comports with due process,[71] Defendants are considered to "reside or be found in" the District of Utah. The exercise of personal jurisdiction over these Defendants is not "so gravely difficult and inconvenient that [the defendant] unfairly is at a severe disadvantage in comparison to his opponent.'"[72] Therefore,

---

[66] *Id.* at 1515.

[67] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (emphasis added).

[68] *Id.* at 966.

[69] Complaint ¶ 1.

[70] *Peay*, 205 F.3d at 1210 n. 3.

[71] *Id.* at 1211.

[72] *Id.* at 1212.

Defendants' argument that the Motion should be dismissed under Rule 12(b)(3) and § 1132(e)(2) is rejected.

Further, the case will not be transferred to the District of New Jersey because the balance of inconvenience does not tip "strongly" in Defendant's favor to litigate in Utah.

**ORDER**

IT IS HEREBY ORDERED that the Motion[73] is DENIED.

Dated February 13, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[73] Motion to Dismiss or, Alternatively, to Transfer Venue ("Motion"), docket no. 29, filed June 15, 2016.